UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

JOSEPH A. SUNDERMEYER,
      Petitioner,

   v.                                        Case No. 14-C-0843

TIMOTHY DOUMA, Warden,
New Lisbon Correctional Institution,
      Respondent.
_____

## ORDER

In this habeas case, the respondent filed his answer to the petition on April 29, 2016. Under the briefing schedule that I previously set, the petitioner's primary brief in support of his petition is due by June 13, 2016. However, on May 23, 2016, the petitioner filed a motion for appointment of counsel and a motion requesting that the court compel the respondent to provide the petitioner with all exhibits and documents that were filed during one of the petitioner's state-court appeals. Also, on June 6, 2016, the petitioner filed a motion for a 90-day extension of time to file his brief. I address these motions below.

Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

1

I am satisfied that the petitioner has made a reasonable attempt to obtain counsel on his own. However, petitioner's filings in the present case reveal that he is competent to litigate it himself. Although habeas cases can be complex, here the petitioner's filings reveal an understanding of the facts and legal principles involved. Moreover, because habeas cases are generally resolved based on the state court record, the petitioner will not need to conduct discovery. In his motion, the petitioner notes that he has limited access to the law library at his institution. To the extent that this limited access prevents the petitioner from filing his briefs by the deadlines I have set, I will consider granting the petitioner reasonable extensions of time. Accordingly, the petitioner's request for appointed counsel will be denied.

As for the petitioner's request that the respondent provide him with the exhibits and documents from his appeal, it is not clear why the petitioner needs these documents. The respondent has attached to his answer the briefs and court decisions rendered in the appeal, as well as transcripts from the jury trial and the post-trial *Machner* hearing. These will be the documents most relevant to the petitioner's habeas claims. However, to the extent the petitioner believes that he needs specific documents that the respondent did not attach to his answer, he should write a letter to the respondent's counsel in which he identifies the specific documents he needs. (The petitioner possesses a list of all documents in the record of the relevant appeal, *see* ECF No. 29-2, and thus he should be able to identify the specific documents he thinks he needs by name. The petitioner should not request the entire appellate record, which comprises 201 separate documents.) If the respondent refuses to provide the petitioner with the documents he requests, the petitioner may file a new motion to compel the

respondent to produce the documents, and I will consider ordering the respondent to do so.

Finally, I will grant the petitioner's motion for a ninety-day extension of time to file his brief on the merits of the petition.

Accordingly, **IT IS ORDERED** that the petitioner's motion for appointment of counsel (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's motion for the state to produce the entire record in Appeal No. 2014-AP-001668 (ECF No. 29) is **DENIED WITHOUT PREJUDICE**.

**FINALLY, IT IS ORDERED** that the petitioner's motion for an extension of time is GRANTED. The petitioner's brief in support of his petition is due on **September 13, 2016**.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge